**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 02-4691

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM HENRY JOHNSON, a/k/a Skip,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (CR-02-69)

Submitted: February 6, 2004          Decided: February 27, 2004

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mark F. Underwood, Huntington, West Virginia, for Appellant. Kasey Warner, United States Attorney, Miller A. Bushong III, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William Henry Johnson appeals from the 84-month sentence imposed after he pled guilty to distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000). Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that, in his view, there are no meritorious grounds for appeal. Johnson was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

Counsel first questions whether the district court erred in calculating the amount of drugs attributable to Johnson. At sentencing, Johnson withdrew his objections to the drug quantity calculation in the presentence report. We therefore review only for plain error. See United States v. Osborne, 345 F.3d 281, 284 (4th Cir. 2003) (discussing standard of review). Because Johnson admitted that he was accountable for more than five but less than twenty grams of crack, without determining a specific amount within that range, we find no plain error in the district court's determination of the amount of drugs attributable to Johnson.

Counsel next questions whether the district court erred in refusing to reduce Johnson's base offense level based upon his minor role in the offense pursuant to U.S. Sentencing Guidelines Manual § 3B1.2 (2001). A district court may grant a two-level adjustment to a defendant "who is less culpable than most other

participants, but whose role could not be described as minimal." USSG § 3B1.2, comment. (n.5). Our review of the record convinces us that the district court did not clearly err in denying Johnson's request for a downward adjustment for his role in the offense. <u>See United States v. Lipford</u>, 203 F.3d 259, 272 (4th Cir. 2000) (stating standard of review); USSG § 3B1.2, comment. (nn.3(A), 3(B)) (discussing role in the offense adjustment).

As required by <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Johnson's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>